## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 07-21879-CIV-LENARD/TORRES

TIRSO MENDOZA, and all others similarly
situated under 29 U.S.C. 216(B),

      Plaintiff,

vs.

AMERICAN FRUIT & PRODUCE CORP.,
DELIO MEDINA and HUGO ACOSTA JR.

      Defendants.

_____/

### ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff's Motion for Summary Judgment as
to the Inapplicability of the Executive Exemption ("Plaintiff's Motion") [D.E. 26] filed
on May 23, 2008; Defendants' Response thereto [D.E. 28]; and Plaintiff's Reply thereto
[D.E. 30].[1]  Based upon this thorough review of the record we find that there are
genuine issues of material fact that preclude summary judgment.  Accordingly, for the
reasons set forth below, Plaintiff's Motion is denied.

## I.    BACKGROUND

American Fruit & Produce Corp. ("American") is a Florida corporation owned by
Delio Medina and Hugo Acosta Jr.  American, Medina and Acosta Jr. ("Defendants")
sell produce in Miami-Dade County, particularly to cruise ships sailing from the Port

---

[1]    This case was referred with the parties' consent to the undersigned
Magistrate Judge for final disposition.

of Miami.[2]  Tirso Mendoza ("Plaintiff") was formerly employed by Defendants as a warehouse supervisor and paid on a salary basis.

On August 2, 2007, Plaintiff filed an Amended Complaint against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.*, seeking recovery of unpaid overtime and unpaid break time. [D.E. 5].  In its Answer, Defendants deny these allegations and raise the affirmative defense that Plaintiff is an exempt employee from the wage and hour requirements of the FLSA under 29 U.S.C.  § 213. [D.E. 20].

Plaintiff seeks summary judgment as to the inapplicability of this exemption. Plaintiff claims the record demonstrates that the executive exemption does not apply as a matter of law and that therefore Defendants are subject to the wage provisions of the FLSA. [D.E. 26].  Defendants respond that the motion should be denied because there are factual issues as to whether or not Plaintiff was an exempt employee under the FLSA.

## II.   ANALYSIS

### A.   *Summary Judgment Standard*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  "The moving party

---

[2]      The record provides the basis for the summary of facts that are material to the issues presented, as well as any findings that may be found in the analysis portion of this order.

bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden is met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). Thus, the non-moving party "may not rest upon the mere allegations or denials of his pleadings, but ... must set forth specific facts showing that there is a genuine for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

### B.    *Executive Exemption*

At issue is whether Plaintiff is exempt as an executive from the wage provisions of the FLSA. Generally, the FLSA requires that employees receive one and one-half times their regular rate of pay for all hours worked in excess of forty hours per week. 29 U.S.C. § 207(a)(1). However, "any employee employed in a bona fide executive ... capacity" who receives payment on a salary basis is exempt from this requirement. 29 U.S.C. § 213(a)(1). Specifically, federal regulations define an "employee employed in a bona fide capacity" as an employee:

> (1) Compensated on a salary basis at a rate of not less than $455 per week ..., exclusive of board, lodging or other facilities;

(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

(3) Who customarily and regularly directs the work of two or more other employees; and

(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.1.  "Exemptions under the FLSA are to be construed narrowly against the employer who asserts them."  *Jeffery v. Sarasota White Sox, Inc.,* 64 F.3d 590, 594 (11th Cir. 1995).  "The employer has the burden of showing that it is entitled to the exemption."  *Id.* at 594.[3]

It is undisputed that when Plaintiff was employed as a supervisor he earned the sum of $875.00 per week.  Thus, the first prong of the exemption analysis is satisfied in favor of Defendants.

The parties do dispute, however, the remaining three requirements for the executive employee exemption.  In fact, the parties' positions on these three requirements could not be further apart.  Plaintiff argues that the exemption does not apply because Defendants fail to meet each of the three requirements.  In response, Defendants assert that the requirements are met and so the exemption applies.  Both

---

[3]     We note that although it is Defendants' burden to show the exemption is applicable under the FLSA, the burden of production for this motion for summary judgment is on Plaintiff.  Therefore, for Plaintiff's Motion to be granted, Plaintiff has the burden of showing that there are no genuine issues of fact, and that it can be determined as a matter of law that the exemption does not apply.

sides have limited the evidence submitted to few depositions that fail to provide clear support for either position.

Relying solely on this evidence, the parties present polar opposite interpretations of Plaintiff's working environment, thereby creating numerous material issues of fact which cannot be resolved at the summary judgment stage. Moreover, the depositions involve persons who clearly have vested interests in the outcome of this case, thereby placing their credibility squarely at issue. Such credibility determinations are best left for the jury to resolve at trial, with the benefit of a more fully developed evidentiary record. Nonetheless, the Court will provide further detail as to the questions of fact on each of these three factors.

### *§ 541.1(a)(2) - Management as Primary Duty*

A central issue before the Court concerns the second prong of the exemption analysis, whether Plaintiff's primary duty was management. The Department of Labor Regulations provides a list of the type of work that constitutes "management":

> Generally, "management" includes, but is not limited to, activities such as interviewing, selecting, and training of employees; setting and adjusting their rates of pay and hours of work; directing the work of employees; maintaining production or sales records for use in supervision or control; appraising employees' productivity and efficiency for the purpose of recommending promotions or other changes in status; handling employee complaints and grievances; disciplining employees; planning the work; determining techniques to be used; apportioning the work among the employees; determining the type of materials, supplies, machinery, equipment or tools to be used or merchandise to be bought, stocked and sold; controlling the flow and distribution of materials or merchandise and supplies; providing for the safety and security of the employees or the property; planning and controlling the budget; and monitoring or implementing legal compliance measures.

29 C.F.R. § 541.102.  In addition, the regulations define "primary duty":

> The term "primary duty" means the principal, main, major or most important duty that the employee performs.  Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole.  Factors to consider when determining the primary duty of an employee include, but are not limited to, the relative importance of the exempt duties; the amount of time spent performing exempt work; the employee's relative freedom from direct supervision; and the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

29 C.F.R. § 541.700.

Further, the amount of time an employee spends on managerial work is not dispositive of whether he is an exempt employee, and it is not required that an exempt employee spend more than fifty percent of their time performing exempt work.  29 C.F.R. § 541.700(b).  If an employee does spend less than fifty percent of their time performing exempt duties, they may meet the primary duty requirement if the other factors support such a conclusion.  *Id.*

For summary judgment to be warranted Plaintiff needs to prove there are no genuine issues of fact as to his primary duty while employed at American.  Plaintiff must clearly show that his primary duty was neither management of the enterprise in which he was employed, nor management of a customarily recognized department.  For this purpose Plaintiff points to testimony from the depositions of Hugo Acosta Jr., Defendants' corporate representative, Rene Arrocha, Defendants' "accountant controller", and Marshall Glantz, Defendants' "broker".

Plaintiff maintains that he worked in the warehouse most of the time and was principally in charge of loading trailers. [D.E. 27-2 at 2].  Plaintiff asserts that his most

important duty concerned quality and control, that is to say making sure the quality of the merchandise was up to par, and that the correct quantity was received when ordered. [D.E. 27-2 at 2]. Plaintiff points out that in performing his most important duties he would go through the boxes and check random samples to inspect quality [D.E. 27-2 at 5], and that his other job duties included putting merchandise in the trailers and checking the trailer's temperature. [D.E 27-2 at 8]. [4]

For their part, Defendants rely on the same depositions of Marshall Glantz and Hugo Acosta, along with Plaintiff's deposition, to provide the exact opposite interpretation of Plaintiff's duties. Defendants' position is that Plaintiff's primary duty consisted of management of the department of American in charge of delivering produce to cruise ships, a unit with permanent status and function. Defendants assert that the factual analysis of this case must be viewed in the context of Defendants' business and Plaintiff is simply attempting to characterize his job as a warehouse job that had a component of physical labor involved. Furthermore, Defendants contend that the labor Plaintiff performed was labor incident to his management of other employees and was "directly and closely related" to management work.

Defendants also submit that there were between ninety to one hundred employees working in the warehouse during Plaintiff's employment, thus the majority of Defendants' employees were positioned in the warehouse. [D.E. 29-2 at 6]. Defendants claim that Plaintiff's responsibilities were very important and vital to

---

[4]    These assertions are based on the deposition of Mr. Acosta. Additionally, Plaintiff cites to the depositions of Mr. Arrocha and Mr. Glantz's to support his argument. However, this evidence for the most part mirrors that of Mr. Acosta and does not present the Court with further proof that would help Plaintiff's Motion.

company success as each container he worked with had a value of over $15,000 and Plaintiff had to ensure quality, quantity, and maintain sales orders. [D.E. 29-2 at 3]. Further, Plaintiff had a dedicated work station and was directly in charge of three employees, supervising them and planning their work by determining what products to be selected and controlling the flow of products. [D.E. 29-4 at 3].  Defendants also note that Plaintiff started as an hourly employee for the company and then promoted to a salaried employee at the rate of $875.00 per week, demonstrating that he was paid more than the other employee's for his job duties as supervisor. [D.E. 29-4 at 2]. Additionally, Defendants maintain that Plaintiff was free from supervision as there were only three warehouse managers above him [D.E. 29-4 at 6], and Plaintiff was in charge of his own group of employees with input into their work status.

Based on the arguments and the record, it is clear that Plaintiff has not met the burden required to prove this issue can be decided as a matter of law.  The parties present contradictory descriptions of Plaintiff's work environment and lingering questions of fact remain to be resolved as to Plaintiff's primary work duties while employed by Defendants.  Each party's interpretation of the deposition testimony at issue is tenable.  The Court's review of that testimony shows that the trier of fact must make the ultimate conclusion as to what Plaintiff's work responsibilities truly were. Plaintiff has thus failed to show that no genuine issues of fact exist in this record to support granting his motion.

Plaintiff also relies on a district court case from the Middle District of Tennessee, *Cowan v. Treetop Enters., Inc.,* 120 F. Supp. 2d 672 (M.D. Tenn. 1999).  In

that case involving Waffle House franchises, the court was presented with evidence in the form of corporate documents that stated a unit manager's "primary objective" was to become a "proficient grill operator", and any management duties were secondary to a manager's cooking responsibilities.  Other evidence indicated that managers could not supervise employees while acting as "grill operators." *Id.* at 691.   Furthermore, the court considered the evidence presented on the high level of supervision District managers exerted over unit managers.  Based on this evidence, the court found that the manager's "critical function" was cooking, not supervision.  *Id.* at 691-92.

Here, however, Plaintiff has not produced uncontroverted evidence that Plaintiff was unable to supervise employees at the same time as he was performing his daily functions nor has Plaintiff produced evidence showing Plaintiff's lack of freedom from supervision.  A question of fact exists as to both of these issues.  As such, *Cowan*, is of limited assistance to Plaintiff for purposes of this motion.

### *§ 541.1(a)(3) - Direction of Two or More Employees*

To be successful on this motion, Plaintiff also needs to prove that there are no issues of fact as to the third prong of the exemption analysis.  The third prong requires Plaintiff to show he did not customarily or regularly direct the work of two or more other employees.  Plaintiff fails in meeting this burden.

Plaintiff's  position is that he would merely tell people what to pick up for export and then by himself would physically check and count the product. [D.E. 27-4 at 3]. Plaintiff asserts that his job revolved around manual labor and any direction of other

employees was incidental to this work.  This minimal evidence is insufficient to prove that Plaintiff did not customarily direct the work of other employees.

Furthermore, Defendants supply evidence that directly contrasts Plaintiff's assertions.  Defendants provide testimony explaining that Plaintiff was responsible for three other employees during the regular course of the job.  Defendants cite to Plaintiff's Deposition [D.E. 29-4 at 3] and Marshall Glantz's Deposition [D.E. 29-2 at 2] that squarely support this position.

Although Plaintiff may have worked together with his crew, including physical labor, it is evident that Plaintiff had some level of control over other workers on a daily basis.  Therefore, summary judgment is not appropriate as further factual inquiry at trial is required on this issue.

### § 541.1(a)(4) - Recommendations of Employee Status

The fourth prong of the exemption analysis addresses whether Plaintiff was an employee "who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight."  29 C.F.R. § 541.1.  It is undisputed that Plaintiff lacked the authority to hire or fire employees on his own.  So, the question before the Court is whether Plaintiff was able to show there are no issues of fact that his suggestions or recommendations as to the hiring or firing of other employees were not given "particular weight."

To determine whether an employee's recommendations are given "particular weight," factors to be considered include but are not limited to, whether it is part of the

employee's job duties to make such suggestions and recommendations; the frequency with which such recommendations are made or requested; and the frequency with which the employee's recommendations are relied upon.   29 C.F.R. § 541.105. Generally, an executive's recommendations must pertain to employees whom the executive customarily and regularly directs.   *Id.*   Further, an employee's recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status. *Id.*

Plaintiff fails in providing sufficient evidence showing his recommendations were not given "particular weight".   Plaintiff merely addresses the first part of this fourth prong, whether he had the ability to hire or fire other employees. Plaintiff argues that he lacked the authority to hire or fire other employees on his own, and that he would have to report issues with other employees to a superior.   Plaintiff provides testimony from Mr. Glantz that if something was wrong at work, Mr. Glantz would complain to a higher supervisor and not to Plaintiff.   This evidence of Plaintiff's inability to hire or fire on his own offers no proof in support of the position that Plaintiff's recommendations failed to have a particular weight as to other employee's status nor does it help remove Plaintiff from the exemption.   The applicable statute clearly provides that Plaintiff's recommendations can still have held a "particular weight" despite having to report to a superior who had the ultimate authority.

Additionally, Defendants respond that Plaintiff satisfies this prong because he did have significant input into the hiring or firing of other employees.  Defendants note

that Plaintiff had a dedicated work station within the warehouse from which he directed the employees under his supervision. [D.E. 29-4 at14-24]. Defendants further assert that Plaintiff could make suggestions regarding these employees to warehouse supervisors and top level company managers that would affect the employees' status. Defendants support these contentions with evidence from the deposition of Hugo Acosta, stating that if Plaintiff had an issue with an employee under his supervision, Plaintiff had the authority to report it to his immediate superior. This recommendation would directly lead to the employee's firing or being reprimanded if necessary. [D.E. 29-3 at 5].

Therefore, it is clear that this issue cannot be decided as a matter of law at this point as genuine issues of material fact have been raised and a more fully developed evidentiary record is needed to help resolve this issue.

Accordingly, the Court must conclude that genuine issues of material fact exist regarding whether Plaintiff's primary duty was management of a department, whether Plaintiff customarily and regularly directed the work of other employees, and whether Plaintiff had hiring and firing authority sufficient to satisfy the executive exemption. The parties tell conflicting stories as to these issues and a jury is required to resolve the conflict.

### III.   CONCLUSION

Based upon a thorough review of the record as a whole and the arguments in the parties' motions, we find that Plaintiff failed to show that there are no genuine issues of material fact for trial.   We thus **DENY** Plaintiff's Motion for Summary Judgment [D.E. 26].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of October, 2008.

_____
EDWIN G. TORRES
United States Magistrate Judge

Copies provided to:
All counsel of record